UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GARY ASHLEY (#405290)**                                                    CIVIL ACTION

**VERSUS**

**NURSE JASON PERRY, ET AL.**                                         NO. 13-0354-BAJ-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Dismiss State of Louisiana Without Prejudice, rec.doc.no. 17, and the State of Louisiana's Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) and 12(b)(1), and Motion to Stay Discovery, rec.doc.nos. 16 and 21.

Addressing first the plaintiff's Motion to Dismiss State of Louisiana Without Prejudice, rec.doc.no. 17, the Court notes that under Rule 41(a)(1)(A)(i), a plaintiff is entitled to voluntarily dismiss an action or defendant before the defendant has filed an answer or motion for summary judgment. This right is absolute and unconditional. International Driver Training Inc. v. J-BJRD Inc., 202 Fed. Appx. 714 (5th Cir. 2006), citing Carter v. United States, 547 F.2d 258 (5th Cir. 1977); Montoya v. FedEx Ground Package System, Inc., 614 F.3d 145, 148 (5th Cir. 2010) (recognizing that Rule 41(a) applies to dismissals of one of multiple defendants). Under this Rule, the dismissal takes effect upon the filing of a notice of dismissal, and "'any further action by the district court [is] neither necessary nor of any effect.'" Id., citing Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 889 (7th Cir. 1972). The filing of the document itself effects the dismissal "and the court has no role to play." American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963). See also Long v. Board of Pardons and Paroles of Texas, 725 F.2d 306

(5th Cir. 1984). Accordingly, the dismissal of the State of Louisiana from this proceeding became effective on the date that the plaintiff filed his Motion to Dismiss, "and no further proceedings are proper" as to this defendant.[1]  See 9 Wright & Miller, Federal Practice and Procedure, § 2367 at p. 186 (1971).

Based on the foregoing, the Court concludes that the plaintiff's mere filing of the instant Motion to Dismiss, rec.doc.no. 17, effected a dismissal of the State of Louisiana from this proceeding. Accordingly, the Court need not take any action with respect to that motion, and the motion will be denied as moot. In addition, inasmuch as the State of Louisiana has been voluntarily dismissed from this proceeding, the pending motions filed by the State, rec.doc.nos. 16 and 21, will also be denied as moot. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Dismiss State of Louisiana Without Prejudice, rec.doc.no. 17, be and it is hereby **DENIED AS MOOT**, and the Clerk of Court is directed to terminate the State of Louisiana as a defendant on the Court's Docket Sheet.

**IT IS FURTHER ORDERED** that the State of Louisiana's Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) and 12(b)(1), and Motion to Stay Discovery, rec.doc.nos. 16 and 21, be and they are hereby **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on August 6, 2013.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] For purposes of Rule 41(a), the fact that the plaintiff titled his pleading a "Motion to Dismiss" instead of a "Notice of Dismissal" is of no significance. See Carter v. United States, supra, 547 F.2d at n. 2.