UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY ASHLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **JASON PERRY** | **NO.: 13-00354-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Defendant Jason Perry's ("Perry") **12(B)(6) Motion to Dismiss Complaint (Doc. 31)**, seeking an order from this Court dismissing Plaintiff Gary Ashley's ("Ashley") claims against him, with prejudice. Perry asserts that dismissal is proper because Ashley's claims have prescribed under the applicable statutory law. Perry also asserts that any claims brought against him in his official capacity are barred by the Eleventh Amendment. The motion is opposed. (Doc. 32.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

### I. Background

On June 4, 2013, Ashley, an inmate at the Louisiana State Penitentiary ("the Prison"), filed suit against Perry and the State of Louisiana, through the Department of Public Safety and Corrections, alleging violations of his constitutional rights.[1] (Doc. 1.) Ashley alleges that Perry, a nurse at the Prison, sexually assaulted him on January 27, 2012, during final pill call.(Doc. 1-1, at 2-3.) Ashley alleges that Perry approached Ashley's "booth-cell" under guise of administering medication and ordered him to come to the bars.

---

[1] The State of Louisiana was dismissed from this lawsuit on August 6, 2013. (Doc. 26.)

(*Id.*) Ashley initially refused the command; however, Perry allegedly made the order again. After complying with the command, Ashley alleges that he was sexually molested by Perry. (*Id.*)

Ashley alleges that an inmate witnessed the event but retracted his statement thereafter. Ashley also alleges that certain corrections officers refused to properly investigate the incident. (*Id.*) As a result of the incident, Ashley claims to have suffered acute injury, as well as insult, embarrassment, humiliation, and emotional distress. (*Id.* at 5.)

In the instant motion, Perry seeks dismissal of Ashley's claims against him in his official capacity pursuant to the Eleventh Amendment, as well as dismissal of claims based on prescription. On the prescription claim, Perry asserts that Ashley's claims are subject to a one-year prescriptive period for delictual actions, and that the filing of the lawsuit on June 4, 2013 was after the applicable prescriptive period ended. Ashley opposes the motion, asserting that the applicable prescriptive period was suspended until the Administrative Remedy Procedure ("ARP") reached the second step of the decision process. (Doc. 32, at 1.) To show compliance with the ARP process, Ashley attached documentation showing his filings and responses from the Prison in his opposition to the motion to dismiss. In a Reply Memorandum, Perry asserts that the Court should not consider Ashley's ARP claim, as it was not mentioned in the Complaint, and the Court should strike any additional documentation attached to Ashley's pleadings concerning the ARP. *See* Doc. 33.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. Prescription

Perry asserts that, on the face of Ashley's complaint, his claims have prescribed. He contends that claims asserted through 42 U.S.C. § 1983 do not have statute of limitations provisions, and must rely on 42 U.S.C. § 1988, "which directs the court to apply the statute of limitations period for the state where it sits unless the state's statute of limitations

3

period conflicts with the U.S. Constitution or federal law." (Doc. 31-1, at 2.) In Louisiana, he contends that the applicable prescriptive period is one year for delictual actions.[2]

However, as stated above, Ashley contends that the filing of an ARP suspends the prescriptive period until the ARP reaches what is referred to as the second step of the process, *i.e.* when there has been a final review of the inmate's complaint and a decision rendered. Therefore, Ashley asserts that his claim had not prescribed when it was filed. Nevertheless, in his Reply memorandum Perry further asserts that the Court cannot consider Ashley's ARP defense to prescription because it was not mentioned in the initial Complaint, nor can the Court consider exhibits that were not initially attached to the Complaint.

Perry is correct that a federal court must borrow the forum state's general personal injury limitations period in this case, as there is no federal statute of limitations for claims brought pursuant to § 1983. *Owens v. Okure*, 488 U.S. 235, 240 (1989). Perry is also correct that, under Louisiana Civil Code Article 3492, delictual actions are subject to a prescriptive period of one year, and that, here, Ashley's claims are subject to that period.

Nevertheless, the Court finds that, in this instance, Ashley's claim has not prescribed, and that Perry's assertion concerning the Court's inability to review exhibits not raised in the Complaint, or attached therein, lacks merit.

It is well settled that, under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of the defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. 12/1/09). However, when the face

---

[2] Perry directs the Court to LA C.C. Art. 3492 and *Detro v. Roemer*, 739 F. Supp. 303, 305 (E.D. La. 6/4/90).

4

of a plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.* In computing the applicable limitations period, the Court is obligated to take into account the time during which any administrative grievances filed by the plaintiff were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will toll or suspend the running of the one-year limitations period for a prisoner's claim).

In the instant matter, Ashley filed suit on June 4, 2013. (Doc. 1.) Ordinarily, Ashley would be limited to asserting allegations of wrongdoing by Perry during the year preceding that date, or on or after June 4, 2012. However, documents evidencing Ashley's ARP indicate that he initiated the grievance process on February 15, 2012 or, at the very latest, on February 24, 2012 (the date on which the ARP was received in the appropriate office). (Doc. 32-2, at 2.) Both dates were well within the one-year prescriptive period. (Doc. 32-2, at 2.) Additional documentation suggests that Ashley's ARP did not receive a final decision in the second step process until April 4, 2013. (Doc. 32-1, at 1.) Thus, it would appear that Ashley's ARP remained pending for approximately 415 days from the date of filing, or, at the very least, 406 days from the date the ARP was received.[3] Regardless, the period during which the ARP was pending extended the one-year prescriptive period by at least a full year, allowing the Court to conclude that Ashley's complaint was timely when filed.

---

[3] The Court's calculation of days includes the date the second step decision was rendered. Moreover, 415 days represents the amount of days that elapsed between the date of filing, February 15, 2012, and the date of decision, April 4, 2013. 406 days represents the amount of days that elapsed between the date the ARP was received, February 24, 2012, and the date of decision, April 4, 2013.

To the extent Perry asserts that the Court cannot consider Ashley's ARP defense because it was not alleged in the Complaint, nor attached as exhibits therein, Perry's argument is unavailing. While Perry's argument may be meritorious in other circumstances, here, the Court must take into account this particular plaintiff's circumstances as a prisoner, as well as its firm obligation to include the filing of administrative grievances as a suspension of the prescriptive period in Louisiana. *Harris v. Hegman*, 198 F.3d at 158. Moreover, Perry has not directed the Court to any applicable law or jurisprudence that would rebut the law cited by the Court herein. Indeed, the cases Perry directs the Court to have no relevance to motions to dismiss in this particular context, nor do they address the suspension of prescription for the administrative grievance process. Taking the facts in the light most favorable to the plaintiff, Ashley has satisfied his burden of establishing that his claim is not barred by prescription. As such, Perry's motion to dismiss is DENIED on this claim.

### B. Eleventh Amendment Immunity

Perry also seeks dismissal of any official capacity claims asserted against him through § 1983 and under the theory of Louisiana Civil Code Article 2320, *respondeat superior*, to the extent that Ashley makes such claims in his Complaint. Perry asserts that such claims are barred by the Eleventh Amendment. (Doc. 31-1, at 1.)

Because Ashley has not presented any argument in opposition, the Court will assume that Ashley concedes the law cited by Perry. The Court agrees that any claims for monetary relief against Perry in his official capacity constitute claims against the state,

or persons acting as official representatives thereof. Therefore, they are barred by the Eleventh Amendment.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal court by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1355 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S. Ct. 2666, 49 L.Ed. 2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, supra.

Further, suits brought against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *New Orleans Towing Ass'n v. Foster*, 248 F.3d 1143 (5th Cir. 2001) (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991)) (internal quotations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)).

Here, Ashley does not plainly state whether he is suing Perry in his official capacity. Nevertheless, the Complaint alleges that "[u]nder the color of State and local law, Defendants violated the Plaintiff['s] 4th, 8th, and/or 14th Amendment right to be free from use of unnecessary and/or excessive force while being seized and/or detained by the Defendant." (Doc. 1-1, at 5.) Assuming that this language evidences Ashley's intent to sue Perry in his official capacity, the Court finds that such claims are barred by the Eleventh

7

Amendment, as any suit against Perry in his official capacity would essentially represent a suit against an agency of the State of Louisiana. Thus, Perry's motion to dismiss is GRANTED on this claim.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Jason Perry's **12(B)(6) Motion to Dismiss Complaint (Doc. 31)** is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** on the basis of prescription.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff Gary Ashley's complaint alleges claims against Defendant Jason Perry in his official capacity, such claims are **DISMISSED**.

Baton Rouge, Louisiana, this 18th of August, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA