# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GARY ASHLEY**                                                      **CIVIL ACTION**

**VERSUS**

**JASON PERRY, ET AL.**                            **NO.: 13-00354-BAJ-RLB**

## RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 90)** filed by Defendant Jason Perry ("Defendant"), seeking an order dismissing Plaintiff Gary Ashley's ("Plaintiff") claims pursuant to Federal Rule of Civil Procedure ("Rule") 56. Plaintiff opposes this motion. (Doc. 94). With leave of Court, Defendant filed a reply in support of its motion, (Doc. 99), and Plaintiff filed a sur-reply, (Doc. 102). At the request of the Court, both parties have submitted additional briefing.[1] (Docs. 108, 109, 110). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1367. For reasons explained herein, Defendant's motion is **GRANTED** in part and **DENIED** in part.

## I.   FACTUAL BACKGROUND

Plaintiff is a prisoner who is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana ("Angola"). (Doc. 1-1 at p. 1).  Plaintiff asserts in his Complaint that on January 27, 2012, Defendant, who was employed at Angola as a pill nurse, approached his cell during first pill call and made sexual advances. (Doc. 90-1 at pp. 45). Plaintiff asserts, specifically, that Defendant requested

---

[1] As a preliminary matter, the Court is satisfied that no conflict of interest disqualifies defense counsel.

Plaintiff reveal his penis, to which Plaintiff objected. (Doc. 92-1 at p. 1). Later, at last pill call, Plaintiff asserts that Defendant came to the bars of his cell with medications and "told" him to approach his cell bars. (*Id*.).[2]   Suspicious of Defendant's motives, Plaintiff asserts that he initially refused to approach Defendant. (*Id*.). Following this refusal, Plaintiff asserts that Defendant told him with "more authority" to "come here," (*id*.), and that Defendant "used his position as a nurse/correctional officer to coerce Plaintiff into action," (Doc. 1-1 at p. 3). Plaintiff asserts that he complied with Defendant's second request whereupon Defendant grabbed his jumpsuit through his cell bars. (Doc. 92-1 at p. 1). At this point, Plaintiff accuses Defendant of opening his jumpsuit, rubbing his chest, and performing oral sex on him through his prison bars until he ejaculated. (*Id*.).

Plaintiff filed this lawsuit against Defendant and the State of Louisiana on June 4, 2013, pursuant to 42 U.S.C. § 1983.[3] (Doc. 1-1). Plaintiff asserts that Defendant sexually molested him in violation of his constitutional rights "to be free from use of unnecessary and/or excessive force" under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 1-1 at p. 5). Plaintiff also advances state law claims of battery, assault, and negligence against Defendant. (Doc. 1-1 at p. 6). Plaintiff seeks damages he suffered for physical pain and emotional distress. (Doc. 1-1). Plaintiff has not sought any type of injunctive relief. (*Id*. at pp. 1—7).

---

[2] In his Complaint, Plaintiff alleges that Defendant "ordered" him to come to his cell bars under the guise of administering medications. (Doc. 1-1 at p. 3).

[3] Any claims against Defendant in his official capacity have been dismissed. (Doc. 55). The State of Louisiana has also been dismissed. (Doc. 26).

## II.    LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992).  However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an

element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).   In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III.   DISCUSSION

For the purposes of this motion, the Court accepts as true Plaintiff's assertion that Defendant, a prison employee, performed oral sex on him. (Doc. 90-1 at pp. 47—48). The Court also accepts as true Plaintiff's assertion that, given Defendant's status as a prison employee, he participated in the sex act because Defendant threatened him, (Doc. 90-1 at p. 47; Doc. 92-1 at p. 1), and told him to approach the entrance to his cell during pill call, (Doc. 92-1 at p. 1).

### A. Constitutional Violation

The threshold issue is whether the alleged sexual assault, accepted as true, is an Eighth Amendment violation.[4] The jurisprudence on this issue is not as heuristic as the Court might have expected given the frequency of sexual assault claims against correctional staff.[5] The United States Court of Appeals for the Fifth Circuit

---

[4] While Plaintiff has alleged constitutional violations of his Fourth and Fourteenth Amendment rights, it is clear that the harm he allegedly suffered falls under the Eighth Amendment. *See Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001); *see also Phillips v. Bird*, No. 03-cv-247-KAJ, 2003 WL 22953175, at *2 (D. Del. Dec. 1, 2003) ("An inmate who brings an action under 42 U.S.C. § 1983, alleging sexual assault or related claims, is generally alleging a violation of the conditions of confinement under the Eighth Amendment.") (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

[5] As recognized by the Seventh Circuit in *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012), the difficulty in analyzing nonviolent prisoner sexual assault claims stems from the import of

4

has instructed that "sexual assaults against inmates by prison guards without lasting physical injury may be actionable under the Eighth Amendment as acts which are offensive to human dignity." *Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001) (unpublished but persuasive) (internal quotations omitted) (prisoner's allegations that a prison pharmacist fondled his penis through the food slot of his cell on three separate occasions and also fondled his anus on one occasion did not constitute an Eighth Amendment violation) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1196—97 (9th Cir. 2000)). The Fifth Circuit has cautioned, however, that "not every malevolent touching gives rise to a federal cause of action" and that the prohibition of cruel and unusual punishment under the Eighth Amendment excludes "*de minimis* uses of physical force" unless such force is "repugnant to the conscience of mankind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). The Fifth Circuit has also instructed that "isolated, unwanted touching by prison employees" do not violate federal constitutional rights. *Id.* (citing *Boddie v. Schneider*, 105 F.3d 857, 860—61 (2d Cir. 1997) (internal quotations omitted) (female guard sexually brushed against inmate on multiple occasions).

Within this framework, case law instructs that a sexual assault violates the Eighth Amendment only when it is objectively sufficiently serious, and the prison official involved acted with deliberate indifference. *See Wade v. Cain*, No. 09-0695-RET-C, 2011 WL 612732 (M.D. La. Jan. 13, 2011) report and recommendation adopted, No. 09-695-RET, 2011 WL 606842 (M.D. La. Feb. 11, 2011) (although

---

standards invoked in excessive force cases that may not be relevant when *de minimis* uses of force nonetheless result in a constitutional violation.

finding that the issue was "a close one," the court determined that a prison guard's conduct in stroking an inmate's penis with his hand until the inmate ejaculated was not a constitutional violation) (citing *Boddie*, 105 F.3d 857; *Copeland*, 250 F.3d 743); *see also Chao v. Ballista*, 772 F.Supp.2d 337, 347 (D. Mass. 2011); *Phillips*, 2003 WL 22953175, at *3. To determine whether conduct is objectively sufficiently serious, courts examine contemporary standards of decency. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993).

Accepting the veracity of Plaintiff's allegations, the Court is satisfied that the conduct attributed to Defendant is objectively serious and offensive to constitute an Eighth Amendment violation. Because of the degree and nature of the touching involved, nonconsensual oral sex between a prison employee and an inmate is simply more significant and repugnant than the touching at issue in *Boddie*, 105 F.3d 857 and *Wade*, 2011 WL 612732. This finding is informed by the fact that Louisiana, like other states, has criminalized consensual sexual encounters between prison employees and inmates. *See* LA. REV. STAT. 14:134.1.[6]

Plaintiff has asserted that Defendant acted with deliberate indifference. (Doc. 1 at ¶ 18); *cf. Copeland*, 250 F.3d 743 ("In none of Copeland's pleadings does he

---

[6] As indicated, LA. REV. STAT. 14:134.1 is instructive only in guiding the Court's view on contemporary standards of decency relative to what type of conduct is objectively serious under the Eighth Amendment. The statute does not support Plaintiff's proposition that *any* sexual encounter between prison employees and inmates gives rise to a *per se* constitutional violation under the Eighth Amendment. Likewise, Plaintiff's argument that he could not legally consent to the sex act as a result of LA. REV. STAT. 14:134.1 in the context of a claim under 42. U.S.C. § 1983 is incorrect. The treatment of consent under LA. REV. STAT. 14:134.1 is not dispositive in a civil action based upon constitutional precepts. *Phillips*, 2003 WL 22953175, at **5—6. Consensual sex between consenting adults does not give rise to an Eighth Amendment violation "simply because it occurs within the walls of a prison." *Id.* at *6.

allege that Nunan was deliberately indifferent to a condition of his confinement, rather he alleges entitlement to relief based upon alleged unwanted touching by Nunan."). If the alleged sexual assault did take place, it could have served no penological interest, and Plaintiff has testified that he told Defendant he did not want to engage in the activity described. (Doc. 90-1 at p. 45).[7] Viewed together, the Court is satisfied that at the very least, there is a factual dispute as to whether Defendant acted with deliberate indifference.

Lastly, the issue of consent is inescapably relevant to the existence of a constitutional violation. For the first time in additional briefing, Defendant suggests that even if the alleged sex act did take place, which he denies, the only reasonable inference that can be drawn from Plaintiff's testimony and allegations is that he consented to the act. (Doc. 109 at pp. 8—10).

Although there is some disagreement amongst district courts on this issue, the Court finds that consensual sex between an adult inmate and a prison employee does not give rise to a constitutional violation. *See Phillips*, 2003 WL 22953175, at *6. The Court's certainty on this point, however, belies its concern over how to properly evaluate consent in a prison setting. *See Chao v. Ballista*, 772 F.Supp.2d 337, 348 (D. Mass. 2011) (stating that "[s]ex in prison is a complex and risky phenomenon; 'consent' is not easy to determine amidst power dynamics between male captors and female inmates. In fact, any sexual contact with an inmate— consensual or not—is deemed 'sexual misconduct' under the law and prison

---

[7] Plaintiff testified that earlier that day, "[Defendant] made an advancement, a sexual advancement, towards me. And I told him something around, in the nature of, I don't mess around like that. And he said that he would be back. He said something on the lines of, he had been thinking about me."

policies"). Difficulty arises from the unequal bargaining power between inmates and prison employees, which can stifle resistance and induce acquiescence. *Id*. Coupled with Plaintiff's testimony regarding Defendant's threats, "there is enough about the prison environment" for the Court to conclude that the issue of Plaintiff's consent cannot be resolved as a matter of law. *Id*. at pp. 350—51.

For these reasons, the Court finds that Defendant is not entitled to summary judgment on the issue of whether a constitutional violation occurred. The Court next addresses Defendant's argument that Plaintiff's constitutional claim must be dismissed as a matter of law because, to the extent a violation did occur, Defendant was not acting "under the color of state law." (Doc. 90-1 at p. 5).

## B. No Action Under Color of State Law

Assuming that the sexual assault described by Plaintiff did occur, Defendant asserts that he would clearly have been pursuing a private aim that would have been "in no way related to any perceived state authority" he possessed. (Doc. 90-1 at pp. 9—10). Defendant further asserts that he had no power or authority as a pill nurse over Plaintiff and as a result, "there was no nexus between the Defendant, the alleged improper conduct, and [Defendant's] performance of his official duties . . . ." (*Id*.). The Court finds Defendant's argument unavailing.

42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected any person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured . . ." 42 U.S.C. § 1983. In short, "[s]ection 1983 provides a claim against anyone who, 'under color of state law, deprives another of his or her constitutional rights.'" *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law." *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (citing *U.S. v. Causey*, 185 F.3d 407, 414 (5th Cir. 1999)) (internal quotations omitted). A defendant acts under color of state law "if he misuses or abuses his official power and if there is a nexus between the victim, the improper conduct, and [the defendant's] performance of official duties." *Id.* "If, [however,] a state officer pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under color of state law." *Id.* (citing *Harris v. Rhodes*, 94 F.3d 196, 197 (5th Cir. 1996)).

The parties do not dispute that Defendant was employed as a pill nurse at Louisiana State Penitentiary, Angola, Louisiana at the time of the alleged sexual assault. (Doc. 1-1 at p. 2; Doc. 90-1 at p. 3). In his deposition testimony, Plaintiff testified that Defendant performed oral sex on him during third pill call. (Doc. 92-9 at p. 2; Doc 90-1 at pp. 47—48). During third pill call, Plaintiff further testified that he thought he was going to get medication from Defendant. (*Id.*).[8] In an

---

[8] Plaintiff testified: "[Defendant] told me to come to the bars. I was within a step or two already of the bars, I believe, to get medication, and I just don't recall if I actually got it. I don't know. And he actually reached through the bars and grabbed by jumpsuit." In an investigative statement, Plaintiff stated: "At last pill call, [Defendant] came to my cell with meds and told me to come to the bars. At first I didn't move but he said it with more authority to 'come here'" (Doc. 92-1 at p. 1).

9

investigative statement, Plaintiff asserted that during earlier pill calls that day, Defendant made sexual advances and threatened Plaintiff if he reported any improprieties. (Doc. 92-1). Specifically, Plaintiff stated in his deposition that Defendant told him "don't be a snitch, rat" and "said something about who he cool with and what he would have done to me if I did say something." (Doc. 90-1 at pp. 46—47).[9]

Accepting the veracity of Plaintiff's testimony, the Court finds that it is plausible that the alleged sexual assault was likely the result of a "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . ." *Townsend*, 291 F.3d 859, 861. The alleged sexual assault took place during a pill call, a responsibility of Defendant which provided him access to Plaintiff. At the very least, a factual dispute exists as to whether Defendant abused his position in a prison setting, which is an environment wherein inmates necessarily relinquish control and autonomy.

Because a factual dispute exists as to whether Defendant acted under the color of state law within in the meaning of 42 U.S.C. § 1983, the Court finds that Defendant is not entitled to summary judgment on this issue.

### C. Compensatory Damages under 42 U.S.C. § 1983

Defendant asserts that all of Plaintiff's constitutional claims for emotional damages are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §

---

[9] Plaintiff later testified that Defendant said he was "cool with" the "wardens of security." (*Id*. at p. 47).

1997e(e).[10] *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). This section provides that an inmate may not recover damages for mental or emotional injuries in the absence of a showing of physical injury. The Fifth Circuit has ruled that the physical injury required by § 1997e(e) "must be more than *de minimis*, but need not be significant." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In his sworn testimony, Plaintiff asserted that he did not suffer any physical injury as a result of the alleged sexual assault that forms the basis of his lawsuit. (Doc. 90-1 at p. 52). Specifically, when opposing counsel asked Plaintiff if he suffered a physical injury in connection with the alleged sexual assault, Plaintiff responded, "I don't want to say physical, no." (*Id.*). In his response to Defendant's motion, Plaintiff concedes that he experienced no physical pain or injury as a result of the alleged sexual assault. (Doc. 92 at p. 7) ("[w]hile [Defendant] may not have actually asserted the type of physical pain akin to typical Eighth Amendment claims, his actions, proven through his own admission of guilt, still fall within the Amendment's purview.").[11] Given the absence of a physical injury, the Court agrees

---

[10] The Court is aware of an amendment to the PLRA—effective March 7, 2013—which permits recovery of damages for mental or emotional injuries in cases of sexual assault unaccompanied by a physical injury. In his response to Defendant's motion, Plaintiff does not assert that the amended version of the PRLA governs his claims and effectively concedes the applicability of 42 U.S.C. § 1997e(e) to his lawsuit. (Doc. 92); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (failure to argue retroactive application of legislation constitutes a waiver of the argument). The Court operates under the strong presumption against retroactive application of legislation. *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1993), and notes that the alleged sexual assault giving rise to this lawsuit occurred January 27, 2012, well before the amendment's effective date. Furthermore, Plaintiff started the administrative review process of his claim on February 15, 2012, which was again well before the amendment's effective date. (Doc. 55 at p. 5).

[11] Counsel for Plaintiff has been admonished for representing to the Court that Defendant pled guilty to a criminal prosecution that was related to the alleged sexual assault at issue. In fact, Defendant entered a *nolo contendere* plea to malfeasance in office.

that Plaintiff cannot recover any mental or emotional damages as a consequence of any constitutional violation arising from the alleged sexual assault. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665—67 (5th 2001).[12]

While Defendant's motion lacks precision inasmuch as it focuses primarily on emotional damages, it also obliquely asserts that Plaintiff has failed to meet his burden to establish an entitlement to recovery, generally, for compensatory damages absent any showing of a physical injury. (Doc. 90-1 at p. 10). The Court agrees that a prisoner cannot recover compensatory damages under 42 U.S.C. § 1983 in the absence of a physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (prisoner denied compensatory damages in the absence of a physical injury); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("Thus, we conclude that as a matter of law, Herman is not entitled to money damages for physical injury as he has failed to allege such an injury, and as a result of failing to so allege, pursuant to § 1997e(e) and our own precedent, Herman is likewise not entitled to money damages for the mental and emotional stress . . ."). Because Plaintiff concedes that he did not suffer a physical injury arising from the alleged sexual assault upon which he bases his constitutional claims, he cannot recover compensatory damages. (Doc. 90-1 at p. 52; Doc. 92 at p. 7). The Fifth Circuit has recognized, however, that a prisoner may recover nominal or punitive damages,

---

[12] The Court is sympathetic to Plaintiff's legal argument that under 42 U.S.C. § 1997e(e), a sexual assault is a *per se* physical injury because of its very nature, even when such an assault does not result in any physical pain, temporary or otherwise. (Doc. 92 at pp. 4, 7). As previously mentioned, however, to support a claim for mental and emotional suffering, the Fifth Circuit has instructed that the physical injury "must be more than de minimus, but not need be significant." *Stiglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Thus, under prevailing Fifth Circuit precedent, the Court is not persuaded that the alleged sexual assault, accepted as true, qualifies as a physical injury for purposes of 42 U.S.C. § 1997e(e). *See Copeland*, 250 F.3d 743 (2001).

despite a lack of physical injury, if he can successfully prove a constitutional violation under 42 U.S.C. § 1983 and overcome a defense of qualified immunity. *Hutchins*, 512 F.3d 193, 198.

### D. State law negligence claim

Defendant asserts that Plaintiff's state law negligence claim must fail because he has not established that he suffered any compensable injury. (Doc. 90-1 at pp. 14—21). Again, Defendant cites Plaintiff's deposition testimony in which he admitted he suffered no physical injury. (Doc. 90-1 at pp. 51—52). Furthermore, Defendant argues that Plaintiff has failed to offer any competent evidence substantiating his claim for emotional distress. (*Id.*). Defendant asserts that the only medical report addressing Plaintiff's mental health after the alleged assault found that Plaintiff "ha[d] no mental health issues at this time." (Doc. 90-1 at p. 57).

The Court declines to address the merits of these arguments. Plaintiff invoked the supplemental jurisdiction of the Court. (Doc. 1-1 at ¶ 1). District courts may decline to exercise supplemental jurisdiction over a state law claim if it raises a novel or complex issue, if it substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367; *Smith v. Johnson*, No. 05-74-C-1, 2005 WL 1869037, at *3 (M.D. La. July 29, 2005).

The Court has determined that Plaintiff cannot recover compensatory damages for his constitutional claims under 42 U.S.C. § 1983. Plaintiff's state law

claims for negligence, battery, and assault seek compensatory damages for emotional injuries and are based on the same operative facts giving rise to his constitutional claims.  It would defy logic to maintain Plaintiff's state law claims when the damages sought under those claims have been excluded under the federal claims that form the basis of the Court's jurisdiction. Plaintiff's state law claims for emotional injuries predominate over his constitutional claims.  Furthermore, Plaintiff's state law claims raise complex issues of state law that may obfuscate the appropriate standards for evaluating his constitutional claims.

IV.    CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Jason Perry's **Motion for Summary Judgment (Doc. 90)** is **GRANTED** in part and **DENIED** in part.

The motion is **GRANTED** with respect to Plaintiff's claims for compensatory damages under 42 U.S.C. § 1983, without prejudice to any state law claim. The motion is **DENIED AS MOOT** with respect to Plaintiff's state law claims in light of the Court's decision to decline exercise of supplemental jurisdiction. The motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that Plaintiff's claims for compensatory damages arising under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this _15th_ day of December, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**